IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:20CR164 |
| v. | |
| ROBERT RUSH, | MEMORANDUM AND ORDER |
| Defendant. | |

On October 21, 2022, defendant Robert Rush ("Rush") pleaded guilty pursuant to a written plea agreement (Filing No. 126) to conspiring to distribute and possess with intent to distribute ten grams or more of a mixture or substance containing a fentanyl analogue, in violation of 21 U.S.C. §§ 841(a)(1) and 846. As part of the plea agreement, the government agreed to dismiss a pending distribution charge against Rush. *See id.* § 841(a)(1) and (b)(1). He faced a statutory sentencing range of 5 to 40 years on the remaining charge. *Id.* § 841(b)(1)(B).

Rush and the government also agreed that he should "receive a sentence of 180 months." *See* Fed. R. Crim. P. 11(c)(1)(C) (permitting the parties to "agree that a specific sentence . . . is the appropriate disposition of the case" and making that agreement binding on the Court if it "accepts the plea agreement"). The agreed sentence was a substantial upward variance from his United States Sentencing Guidelines ("U.S.S.G." or "guidelines") advisory sentence of 60 months. *See* U.S.S.G. § 5G1.1(b) (making the statutory minimum the guideline sentence when the statutory minimum "is greater than the maximum of the applicable guideline range"). The variance ostensibly accounted for the fact that—according to Rush's Presentence Investigation Report (Filing No. 133)—a young woman tragically died of an overdose after taking drugs she bought from Rush.

On February 3, 2023, the Court accepted the plea agreement, dismissed the second count, and sentenced Rush to the agreed 180 months in prison, to be followed by 4 years of supervised release (Filing No. 131). In imposing that sentence, the Court considered the relevant 18 U.S.C. § 3553(a) sentencing factors, including "the nature and circumstances of" Rush's drug offense, including the unintentional but foreseeable death of his customer, and Rush's relatively minimal criminal history. The Court also considered the need for his sentence to reflect the deadly nature of his "offense, to promote respect for the law, and to provide just punishment." *Id.* Overall, his sentenced was also designed to (1) deter future criminal conduct, (2) protect the public, and (3) avoid an unwarranted sentencing disparity. *Id.*

With all that in mind, the Court determined that a substantial upward variance from the guidelines was justified and that the parties' agreed sentence of 180 months "was sufficient, but not greater than necessary, to comply with the purposes" of sentencing. *Id.* Rush did not appeal his conviction or sentence.

The Bureau of Prisons ("BOP") designated Rush to serve his sentence at the Federal Medical Center in Rochester, Minnesota ("FMC Rochester"). Rush is 30 years-old. His projected release date is October 2, 2032.

Now before the Court is Rush's pro se motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Filing No. 137).[1] He asks the Court to reduce his sentence to 121 months imprisonment or any other reduction the "Court deems equitable and just." Rush's request still leaves his sentence at more than twice his 60-month guideline sentence.

The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), modified § 3582(c)(1)(A) to allow federal inmates to move the Court directly to reduce their

---

[1]Relief under § 3582(c)(1)(A) is often referred to as "compassionate release." *See United States v. Avalos Banderas*, 39 F.4th 1059, 1061-62 (8th Cir. 2022). Rush frequently uses that phrase but is open to a reduction short of release.

sentences for "extraordinary and compelling reasons." *See United States v. Marcussen*, 15 F.4th 855, 858 (8th Cir. 2021). An inmate like Rush, can only file such a motion *after* he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (explaining "[t]his requirement is a mandatory claim-processing rule").

To show he has cleared that hurdle, Rush has attached a copy of the compassionate-release request he submitted to the warden of FMC Rochester on September 27, 2023. He has also provided a copy of the warden's denial dated October 10, 2023. The Court is satisfied Rush's motion qualifies for judicial review.

Rush contends he is entitled to relief because he has "endured 32 months of severe jail conditions caused by the Covid-19 pandemic, has demonstrated exemplary rehabilitation efforts, and is serving a harsher and longer sentence than his more culpable co-defendant." Rush further asserts he "is a model prisoner and is not a threat to the community."

In deciding whether to grant a sentence reduction, the Court reconsiders the applicable § 3553(a) factors discussed above. *See* 18 U.S.C. § 3582(c)(1)(A). The Court also must ensure any "reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission." *Id.* In particular, the Court looks to U.S.S.G. § 1B1.13, which sets forth certain parameters for granting a reduction under § 3582(c)(1)(A). That policy statement defines "extraordinary and compelling reasons" to include a defendant's serious medical circumstances, age, difficult family circumstances, victim status, and rehabilitation—although rehabilitation alone is not enough to warrant relief. *Id.* § 1B1.13(b)-(d); *see also* 28 U.S.C. § 994(t). In some circumstances, an unusually long sentence or a change in the law can be "extraordinary and compelling." *Id.*

Applying these standards to Rush's request, the Court finds that he has not shown "extraordinary and compelling reasons" to reduce his sentence and that the balance of the § 3353(a) factors weigh against reducing his sentence in these circumstances. To start, the Court is not inclined to disturb the agreed sentence it carefully imposed less than a year ago. Aside from Rush's post-incarceration rehabilitation, the Court already accounted for the circumstances Rush describes when it sentenced him last February. The Court does not downplay the hardship COVID-19 and related issues have caused Rush and other federal prisoners. But the conditions and risks Rush faces while he serves his sentence are more than offset by the tragic nature of his offense and the need for deterrence, to protect the public, and to provide just punishment for his crime.

The Court commends Rush's rehabilitation efforts. They will serve him both in and out of prison, especially his work towards a plumber apprenticeship. But they do not warrant a sentence reduction—either alone or in combination with the other grounds he asserts. The Court also does not see an unwarranted sentencing disparity between Rush and similarly situated defendants, including his co-defendant, as Rush's agreed sentence accounted for aggravating factors that his co-defendant's did not.

All things considered, Rush's circumstances do not warrant a sentence reduction at this time. His motion is therefore denied.

IT IS SO ORDERED.

Dated this 29th day of January 2024.

BY THE COURT:

*[signature]*

Robert F. Rossiter, Jr.
Chief United States District Judge